<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BROOKLYN WAFFLES, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SILK CITY SNACKS LLC and<br>JACK PEDOWITZ MACHINERY<br>MOVERS,**<br><br>    **Defendants.** | **Civil Action No. 20-15846 (BRM) (JSA)**<br><br>**REPORT AND<br>RECOMMENDATION** |

<u>**ALLEN, U.S.M.J.**</u>

    The matter comes before the Court upon the April 7, 2022 Order to Show Cause to Plaintiff Brooklyn Waffles, LLC ("Plaintiff"), why its Complaint should not be dismissed for failure to prosecute, pursuant to Fed R. Civ. P. 41. (ECF No. 58). Plaintiff did not show cause before April 25, 2022, as directed by the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons set forth below, it is respectfully recommended that the District Court dismiss Plaintiff's Complaint, pursuant to Rule 41(b).

**I.   RELEVANT BACKGROUND**

    On November 11, 2020, Plaintiff commenced this breach of contract and negligence action against Defendants Silk City Snacks LLC ("Silk City") and Jack Pedowitz Machinery Movers ("Jack Pedowitz" or "Defendant"), asserting common law claims and a violation of the Carmack

Amendment codified at 49 U.S.C. § 14706.[1]  (*See* ECF No. 1).  Jack Pedowitz filed its Answer on January 22, 2021.  (*See* ECF No. 8).

On February 16, 2021, a new law firm filed a substitution of counsel on behalf of Plaintiff. (ECF No. 11).  On June 2, 2021, the Undersigned held an Initial Scheduling Conference and issued a Pretrial Scheduling Order.  (*See* ECF No. 41).  The parties were directed to complete fact discovery by November 30, 2021.  (*See id.*).  On August 2, 2021, the Court conducted a Telephone Status Conference and issued an Order, directing the parties to submit a joint letter by October 12, 2021, addressing the status of completing fact discovery and any settlement discussions to date. (ECF No. 43).

On September 20, 2021, another substitution of counsel was filed on Plaintiff's behalf. (*See* ECF No. 44).  Thereafter, on October 7, 2021 and again on December 20, 2021, the Undersigned extended the fact discovery deadline consistent with the parties' joint requests.  (*See* ECF Nos. 45, 46, 49 & 50).  Most recently, discovery was set to close on March 30, 2022.  (*See* ECF No. 50).

On February 3, 2022, the firm of Molod Spitz & DeSantis, P.C. ("Molod Firm") filed a Motion to Withdraw as Counsel, citing significant differences between counsel and Plaintiff concerning how the prosecution should proceed.  (*See* ECF No. 52).  As part of the motion, the Molod Firm sought a sixty-day stay of discovery to afford Plaintiff time to retain new counsel. (*Id.*)  Defendant Jack Pedowitz did not oppose the motion, but objected to the request for a sixty-day stay of discovery.  (ECF No. 54).  Rather, Jack Pedowitz argued that fourteen (14) days would be ample time to retain new counsel.  (*Id.*).  On February 18, 2022, the Court granted the motion to withdraw but directed the Molod Firm to serve copies of the Order granting the motion by

---

[1] Silk City was voluntarily dismissed without prejudice on May 21, 2022. (*See* ECF No. 39).

2

overnight and regular mail on Plaintiff ("February 18th Order"). (ECF No. 55). As set forth in the February 18th Order, the Undersigned afforded Plaintiff forty-five (45) days, until April 4, 2022, to have substitute counsel enter an appearance on its behalf or Plaintiff, a corporate entity, would be deemed to be unrepresented by counsel. (*Id.*). The Undersigned advised that "a corporation cannot represent itself pro se, but rather 'may appear in federal courts only through licensed counsel,'" (*id.* at 3-4) (internal citation omitted), and warned that there would be no extensions granted for Plaintiff to have new counsel enter an appearance. (*Id.* at 4). The Undersigned also directed the parties to file a joint status letter two (2) weeks after new counsel has entered an appearance, "addressing the status of fact discovery and any proposed modifications to the current deadlines for completing discovery." (*Id.*).

On February 22, 2022, the Molod Firm filed a Certificate of Service, confirming that Plaintiff had been served with the February 18th Order in accordance therewith. (ECF No. 56). However, no substitute counsel entered an appearance on Plaintiff's behalf by the court-ordered deadline of April 4, 2022. Rather, on April 6, 2022, defense counsel filed a letter, advising that he had not received any communication from Plaintiff and/or substitute counsel by April 4, 2022, and thus was requesting dismissal of Plaintiff's claims with prejudice. (ECF No. 57).

After Plaintiff failed to appear by counsel or contact the Court to request an extension of time to comply with the Order, the Undersigned issued the Order to Show Cause, directing Plaintiff to show cause on or before April 25, 2022 why the Complaint should not be dismissed. (ECF No. 58). To date, Plaintiff has not communicated with the Court.

On April 28, 2022, defense counsel filed a letter, again stating that he had not received any communication from Plaintiff or new counsel. (ECF No. 59). To that end, Defendant Jack

3

Pedowitz again requested that the Court dismiss Plaintiff's claims against it with prejudice, and without costs, pursuant to Fed. R. Civ. P. 41. (*Id.*).

## II.    LEGAL STANDARD

Dismissal of an action or a claim may be appropriate for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (concluding that Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether to dismiss an action under Fed. R. Civ. P. 41(b), this Court "should consider [the following] six factors" enunciated in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868). "[F]ail[ure] to properly consider and balance those factors" constitutes an abuse of discretion. *Id.* However, "[n]one of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).

## III.   DISCUSSION

While the Undersigned recognizes the significance of dismissing the instant action without prejudice, such dismissal is warranted upon consideration and balancing of the *Poulis* factors.

4

### A.     The Extent of Plaintiff's Personal Responsibility

In considering this first factor, courts "look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994)); *Vittas v. Brooks Bros.*, Civ. No. 14-3617 (BRM) (LHG), 2017 U.S. Dist. LEXIS 203123, at *5 (D.N.J. Dec. 11, 2017) ("The first *Poulis* factor . . . is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible. . . ." (internal citations omitted)).  Here, Plaintiff has failed to comply with the Order to Show Cause, which directed Plaintiff to show cause in writing why its Complaint should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41.  The docket confirms that Plaintiff bears sole responsibility for its failure to prosecute the instant action and to comply with the Undersigned's Orders.  This Court directed Plaintiff to have substitute counsel timely enter an appearance on its behalf, or Plaintiff would be deemed to be unrepresented by counsel. Yet, Plaintiff failed to do so or request an extension of the court-ordered deadline.  Further, Plaintiff has not communicated in any way with defense counsel in order to advance this case.  The fact that Plaintiff has brought this action to a virtual standstill—without any explanation whatsoever—suggests that Plaintiff does not intend to continue litigating its claims, but instead has chosen to abandon them.[2]  Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### B.     Prejudice to Defendant

With respect to this second factor, the Court finds that Plaintiff's failure to participate in this case and comply with the Undersigned's Orders has prejudiced Defendant by halting the

---

[2] The Undersigned notes that other Courts in this District have previously dismissed actions brought by corporate parties for failure to retain counsel without undergoing a full *Poulis* analysis. *See, e.g.*, *Sync Labs LLC v. Fusion Mfg.*, Civ. No. 11-3671 (WHW), 2014 U.S. Dist. LEXIS 79187, at *9 (D.N.J. June 11, 2014) (collecting cases).

5

progress of this action. The case was filed eighteen (18) months ago, and yet, there is no indication that Plaintiff intends to resume prosecuting its claims. Accordingly, the second *Poulis* factor also weighs in favor of dismissal.

### C. History of Dilatoriness

"'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 874). "'[F]ailure to prosecute' under the Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial . . . . It is quite sufficient if [Plaintiff] does nothing . . . ." *Id.* (quoting *Adams*, 29 F.3d at 875). Plaintiff has been represented by three different law firms in this action. Since February 18, 2022 – the date the Undersigned granted the Molod Firm's motion to withdraw – Plaintiff has not (i) communicated with the Court or defense counsel, (ii) appeared by substitute counsel, (iii) responded to the Court's Order to Show Cause, or (iv) requested any extension of time to retain counsel. In short, Plaintiff's inaction has brought this case to a standstill. Thus, Plaintiff's dilatory behavior further weighs in favor of dismissal.

### D. Willful or Bad Faith Conduct

Under this fourth factor, the Court "must consider whether [Plaintiffs'] conduct was 'the type of willful or contumacious behavior which [is] characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). "Where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the [C]ourt, at the very least, renders a party's actions willful . . . ." *Yancey v. Wal-Mart Corp.*, Civ. No. 15-6646 (ZNQ) (DEA), 2022 U.S. Dist. LEXIS 67868, at *27 (D.N.J. Jan. 31, 2022) (internal quotation marks and citation omitted). Based on the record available to the Court, the Undersigned cannot conclude that Plaintiff has engaged in bad faith conduct. However, Plaintiff's repeated failure to comply with

this Court's Orders, and its refusal to participate in the action by having new counsel enter an appearance, when viewed together, demonstrate that Plaintiff has willfully abandoned the litigation. Plaintiff has made no effort to comply with its obligations to prosecute its claims or explain its inability to do so, despite being warned of the consequences of failing to prosecute this action. Thus, the Court finds Plaintiff's conduct to be willful, and thus weighs in favor of dismissal.

### E.    Effectiveness of Alternative Sanctions

While mindful that "[d]ismissal must be a sanction of last, not first, resort," *Adams*, 29 F.3d at 876 (quoting *Poulis*, 747 F.2d at 869), Plaintiff's non-compliance with this Court's recent Orders, and the record of non-responsiveness, show that alternative sanctions would be ineffective and futile. This conduct suggests that Plaintiff has abandoned its claims. Further, the Third Circuit has recognized that monetary sanctions, such as costs and attorneys' fees may be improper or impractical in certain cases. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Here, the Court has no ability to communicate with Plaintiff, as no new attorney has entered an appearance on Plaintiff's behalf, and, as limited liability companies cannot appear *pro se*, court proceedings would be impossible. *See Dougherty v. Snyder*, 621 F. App'x 715, 716 (3d Cir. 2015). Accordingly, the lack of appropriate and effective alternative sanctions weighs in favor of dismissal.

### F.    Meritoriousness of Plaintiff's Claims

"'A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.'" *Hildebrand*, 923 F.3d at 137 (quoting *Poulis*, 747 F.2d at 869-70). The Court is unable to determine the meritoriousness of Plaintiff's claims based on the record. Nonetheless, "not all of

7

the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand*, 923 F.3d at 132 (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Since the Undersigned finds that the majority of *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal of the action is the appropriate remedy.

## IV.     CONCLUSION

Based on the foregoing reasons, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint for failure to prosecute, without prejudice, pursuant to Fed. R. Civ. P. 41(b). The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof. The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff by certified and regular mail to Plaintiff's last known address.

*s/ Jessica S. Allen*
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated:  May 19, 2022


cc:     Hon. Brian R. Martinotti, U.S.D.J.