## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BROOKLYN WAFFLES LLC.,

                    Plaintiff,

      v.

SILK CITY SNACKS LLC., et al.

                  Defendants.

Case No. 2:20-cv-15846 (BRM) (JSA)

**ORDER**

**THIS MATTER** is opened to the court on the Report and Recommendation of the Honorable Jessica S. Allen, U.S.M.J., dated May 19, 2022 (ECF No. 60), wherein she recommends that the District Court dismiss Plaintiff's Complaint for failure to prosecute, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Prior to making the Report and Recommendation, Judge Allen issued an order dated February 18, 2022, granting a motion by Molod Spitz & DeSantis, P.C. (the "Molod Firm"), attorneys for Plaintiff Brooklyn Waffles, LLC ("Plaintiff"), to withdraw as counsel for Plaintiff.[1] (ECF No. 55.) Further, Judge Allen afforded the Plaintiff forty-five (45) days, until April 4, 2022, to have substitute counsel enter an appearance on behalf of Plaintiff, a corporate entity. (*Id.*) Failure to do so would result in Plaintiff being deemed unrepresented by counsel. (*Id.*) Judge Allen advised that "a corporation cannot represent itself pro se, but rather 'may appear in federal courts only through licensed counsel,'" and warned that there would be no extensions granted for Plaintiff to have new counsel enter an appearance. (ECF No. 55 at 3-4.) Additionally, Judge Allen directed the parties to file a joint status letter two (2) weeks after new counsel has entered an appearance,

---

[1] Plaintiff did not respond to or oppose the motion to withdraw.

"addressing the status of fact discovery and any proposed modification to the current deadlines for completing discovery." (ECF No. 55 at 4.)

On February 22, 2022, the Molod Firm filed a Certificate of Service, confirming that Plaintiff had been served with the February 18, 2022 Order in accordance therewith. (ECF No. 56.) By April 4, 2022, however, no substitute counsel entered an appearance on Plaintiff's behalf. On April 6, 2022, counsel for Defendant Jack Pedowitz Machinery Movers filed a letter, advising that it had not received any communication from Plaintiff and/or substitute counsel, and that Defendant was requesting dismissal of Plaintiff's claims with prejudice. (ECF No. 57.) After Plaintiff failed to appear by counsel or contact the Court to request an extension of time to comply with the Order, Judge Allen issued an Order to Show Cause, directing Plaintiff to show cause on or before April 25, 2022, why the Complaint should not be dismissed. (ECF No. 58.) To date, the Plaintiff has not communicated with the Court.

On April 28, 2022, defense counsel filed a letter, again stating that he has not received any communication from Plaintiff or new counsel and requesting that the Court dismiss Plaintiff's claims against it with prejudice, and without costs, pursuant to Fed. R. Civ. R. 41. (ECF No. 59.) On May 19, 2022, Judge Allen filed a Report and Recommendation reporting that Plaintiff failed to comply with the Order to Show Cause and recommending dismissal. (ECF No. 60.) Specifically, she noted that dismissal of an action or a claim may be appropriate for "failure to comply with these rules or a court order." (*Id.* (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630 (1962)).) Judge Allen evaluated the appropriateness of dismissal under Fed. R. Civ. R. 41(b) based on the factors enunciated in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984), finding: Plaintiff failed to comply with the Order to Show Cause as well as failed to fulfill their responsibility to obtain counsel, Plaintiff halted progress of the action,

Plaintiff created an extensive delay, and that alternative sanctions other than dismissal would not be effective in this instance. While Plaintiff's intent to act in bad faith was not determined, the Court found that Plaintiff may have willfully abandoned its duties. The Court could not determine the meritoriousness of Plaintiff's claim based on the record. In considering and weighing all six *Poulis* factors, Judge Allen recommended that the District Court dismiss Plaintiff's Complaint for failure to prosecute, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The parties were given the opportunity to respond or object to Judge Allen's Report and Recommendation within fourteen (14) days after service thereof, by June 2, 2022, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and Local Civil Rule 72.1(c)(2). To date, Plaintiff and/or subsequent counsel has not filed any objection to the Court's Report and Recommendation pursuant to the Court's imposed deadline of June 2, 2022, and Defendant has responded to the Court's Report and Recommendation to request immediate dismissal of Plaintiff's claims. (ECF No. 61.) Having reviewed the Report and Recommendation, and it appearing the Court should adopt the Report and Recommendation, and for good cause appearing,

**IT IS** on this 22nd day of June 2022,

**ORDERED** that the Report and Recommendation (ECF No. 60) is hereby adopted in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**